UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

```
*************************************
                                    *
Brian C. Patten,                    *
                                    *
        Plaintiff                   *
                                    *
v.                                  *      COMPLAINT
                                    *      Jury Trial Requested
AVDG, LLC.,                         *
                                    *
        Defendant                   *
                                    *
*************************************
```

NOW COMES the plaintiff Brian C. Patten, by and through his attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.    Parties**

1.    The plaintiff Brian C. Patten resides at 5 Bald Hill Road, Raymond, New Hampshire. The plaintiff is a former employee of the defendant.

2.    The defendant AVDG, LLC, is a Delaware limited liability company with a principal place of business located at 5795 Lindero Canyon Road, Westlake Village, California.

**II.    Jurisdiction and Venue**

3.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331. The Court has personal jurisdiction over the defendant because it transacts business within the State.

4.    Venue is proper because the acts and omissions giving rise to this lawsuit occurred within this judicial district.

1

**III.   Facts**

5.   Mr. Patten became employed by the defendant as a Purchasing Specialist effective January 24, 2020.

6.   By e-mail dated April 2, 2020, Mr. Patten notified the defendant that he needed to exercise his right to leave under the Families First Coronavirus Relief Act (FFCRA).  Exhibit A.  "Good evening," Mr. Patten wrote in the e-mail titled "Covid leave."  "After a few long discussions with my wife, I will need to take this time away.  My daughter's daycare is closing 4/6 and my wife cannot do her work and watch her at the same time."  Id.  "I will plan on starting this 4/6.  I'll be around tomorrow to discuss any points or steps that need to be taken and tie up loose ends."  Id.

7.   Mr. Patten's need to care for his daughter because of the closure of her place of care due to COVID-19 precautions rendered him unable either to work or to telework during the time period relative to which he sought leave.

8.   The defendant proceeded to issue Mr. Patten a written warning on April 3, 2020, relative to supposed performance issues—the first such written warning issued to Mr. Patten in his employment with the defendant.

9.   Mr. Patten began exercising his leave rights on or about April 6, 2020.

10.   At no time did the defendant communicate to Mr. Patten either that his request for leave was somehow denied or that his notice of his need for leave was in any way deficient.  Nor did the defendant give Mr. Patten any opportunity to cure any perceived deficiency connected with his notice of his need for leave.

11.   The defendant failed to compensate Mr. Patten for his FFCRA leave.

12. Approximately thirteen (13) days after Mr. Patten began exercising his FFCRA leave rights, the defendant purported to furlough Mr. Patten, not because the defendant lacked sufficient work for Mr. Patten, but because Mr. Patten had exercised FFCRA leave rights.

13. The defendant failed to restore Mr. Patten to his employment position or to any equivalent position following the expiration of his leave, instead effectively terminating his employment.

14. At all times relevant to this action, the defendant had fewer than 500 employees.

## COUNT I

### (Violation of 29 U.S.C. §206)

15. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

16. The Families First Coronavirus Response Act (FFCRA) was enacted by Congress in order to, among other things, provide certain employees with paid leave when said leave became necessary because of a limited number of reasons related to the COVID-19 pandemic.

17. Included in the FFCRA is the Emergency Paid Sick Leave Act (EPSLA) requiring certain employers to provide paid sick leave to employees unable to work due to a need for leave for one of six (6) possible COVID-related reasons.  In particular, FFCRA §5102 (a) (5) required covered employers such as the defendant to provide "each employee employed by the employer paid sick time to the extent that the employee [was] unable to work (or telework) due to a need for leave because…[t]he employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID-19 precautions."

18. The defendant was a covered employer under the EPSLA because the defendant employed fewer than 500 employees at all times relevant to this action.

19. Mr. Patten was entitled to paid sick leave under the EPSLA because he became unable to work or telework due to his need to care for his daughter resulting from the closure of her day care facility due to COVID-19 precautions.

20. Mr. Patten gave the defendant notice of his need for paid sick leave.

21. Employers failing to provide paid sick leave as required "are considered to have failed to pay minimum wages in violation of" 29 U.S.C. §206. 29 C.F.R. §826.150 (b)(1).

22. The defendant violated 29 U.S.C. §206 by failing to provide Mr. Patten paid sick leave.

23. Pursuant to 29 U.S.C. §216(b), the defendant is liable to the plaintiff for unpaid minimum wages, an additional equal amount in liquidated damages, plus attorney's fees, interest and costs.

## COUNT II

### (Violation of 29 U.S.C. §215 (a) (3)

24. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

25. Because Mr. Patten exercised his right to paid sick leave under the EPSLA, the defendant: a.) disciplined Mr. Patten by administering him an unwarranted written warning; b.) discriminated against Mr. Patten by purporting to furlough him not because the defendant lacked sufficient work for him but because Mr. Patten had exercised his EPSLA rights; and c.) discharged Mr. Patten by failing to restore him to his employment position or to an equivalent position upon the expiration of his leave, all in violation of 29 C.F.R. §826.150 (a).

26. The defendant's violations of 29 C.F.R. §826.150 (a) constitute violations of 29 U.S.C. §215 (a)(3), entitling Mr. Patten to recover lost wages, an additional amount equal to the lost wages as liquidated damages, and attorney's fees and costs, pursuant to 29 U.S.C. §216 (b). Mr. Patten is further entitled to reinstatement pursuant to 29 U.S.C. §216 (b).

## COUNT III

### (Interference in Violation of 29 U.S.C. §2615)

27. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

28. Included in the FFCRA is the Emergency Family and Medical Leave Expansion Act (EFMLEA), which temporarily amended the Family and Medical Leave Act (FMLA) to expand its applicability to certain employees such as Mr. Patten for up to 12 weeks of paid leave per year "because of a qualifying need related to a public emergency." 29 U.S.C. ¶2612 (a)(1)(F). Such a qualifying need exists where, as was the case with Mr. Patten, "the employee is unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed" due to COVID-19. 29 U.S.C. §2620 (a)(2)(A).

29. "[T]he enforcement provisions as to the FMLA are equally applicable under EFMLEA." Collazo v. Ferrovial Construccion PR, LLC, 2021 WL 4482268 at *5 (D.P.R. Sept. 30, 2021); see also 29 C.F.R. §826.151.

30. Mr. Patten was eligible for the protections of the EFMLEA, given that the defendant had employed him more than thirty (30) calendar days.

31. The defendant was covered by the EFMLEA given that it employed fewer than 500 employees at all times relevant to this action.

32. Mr. Patten was entitled to leave under the EFMLEA, given that his daughter's day care facility closed due to COVID-19 precautions, rendering him unable to work or telework because of his need to care for her.

33. Mr. Patten was further entitled to be restored to his employment position upon the expiration of his EFMLEA leave. 29 C.F.R. §826.130 (a).

34. Mr. Patten gave the defendant notice of his intention to take leave under the EFMLEA.

35. The defendant denied Mr. Patten EFMLEA benefits to which he was entitled, failing to pay him for the leave that he took and then failing to restore him to his employment position or to an equivalent position following the expiration of his leave.

36. As a direct and proximate result of the defendant's interference with Mr. Patten's EFMLEA rights, Mr. Patten is entitled to his economic losses plus interest, an equivalent amount as liquidated damages, plus attorney's fees, interest and costs, pursuant to 29 U.S.C. §2617.

## COUNT IV
### (Retaliation in Violation of 29 U.S.C. §2615)

37. The allegations of the preceding paragraphs are incorporated herein by reference.

38. Pursuant to 29 U.S.C. §2615, an employer may not take any adverse employment action against an employee because he exercises or attempts to exercise rights afforded to him by the EFMLEA, including the right to take up to twelve (12) weeks paid leave to care for a son or daughter when the employee cannot work (or telework) because the child's day care has closed due to COVID-19 precautions.

39. In violation of 29 U.S.C. §2615, the defendant a.) disciplined Mr. Patten by administering him an unwarranted written warning; b.) discriminated against Mr. Patten by

purporting to furlough him not because the defendant lacked sufficient work for him but because Mr. Patten had exercised his EFMLEA rights; and c.) discharged Mr. Patten by failing to restore him to his employment position or to an equivalent position upon the expiration of his leave.

40. As a direct and proximate result of the defendant's retaliation against Mr. Patten for his exercise of his EFMLEA rights, Mr. Patten is entitled to his economic losses plus interest, an equivalent amount as liquidated damages, plus attorney's fees, interest and costs pursuant to 29 U.S.C. §2617. The plaintiff is further entitled to his reasonable attorney's fees and to reinstatement pursuant to 29 U.S.C. §2617.

## COUNT V

### (Wrongful Discharge)

41. The allegations of the preceding paragraphs are incorporated herein by reference.

42. The FFCRA expressly does not preempt common law causes of action. 29 C.F.R. §826.160 (a).

43. The defendant exhibited bad faith and/or malice towards Mr. Patten by doing such things as subjecting him to unwarranted discipline in response to his notification of his intent to exercise his FFCRA leave rights, failing to pay him for his leave, purporting to furlough him while he was on leave not because the defendant lacked work for him but because he exercised his FFCRA leave rights, failing to restore him to his employment position or to an equivalent employment position upon the expiration of his leave, and thereby ultimately discharging him.

44. The defendant fired Mr. Patten in retaliation against him for performing acts encouraged by public policy. "The public policy contravened by [a] wrongful discharge can be based on statutory or nonstatutory policy." Cilley v. N.H. Ball Bearings, Inc., 128 N.H. 401, 406 (1986). Public policy as codified in the FFCRA (and specifically in the EPSLA and in the

EFMLA) encouraged Mr. Patten to exercise his right to paid leave so he could take care of his child when his child's day care facility closed due to COVID-19 precautions. The defendant discharged Mr. Patten because he acted as encouraged by public policy and exercised his right to paid leave under the FFCRA.

45. As a direct and proximate result of the defendant's wrongful discharge of Mr. Patten. Mr. Patten has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life. Mr. Patten is further entitled to enhanced compensatory damages based on the wanton, malicious and/or oppressive nature of the defendant's conduct.

WHEREFORE, the plaintiff Brian C. Patten respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B Find the defendant liable for violation of 29 U.S.C. §206 for failing to provide the plaintiff paid sick leave to which he was entitled under the Emergency Paid Sick Leave Act;

C. Find the defendant liable for violation of 29 U.S.C. §215(a)(3) for discharging, disciplining and/or discriminating against the plaintiff because the plaintiff exercised his right to paid sick leave under Emergency Paid Sick Leave Act;

D. Find the defendant liable for interference under 29 U.S.C. §2615 for failing to provide the plaintiff paid leave to which he was entitled under the Emergency Family and Medical Leave Expansion Act and then failing to restore him to his employment position or to an equivalent position following the expiration of his leave;

E. Find the defendant liable for retaliation in violation of 29 U.S.C. §2615;

F. Find the defendant liable for wrongful discharge;

G. Award the plaintiff unpaid minimum wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216 relative to the time period during which the plaintiff was entitled to receive, but did not receive, paid sick leave under the Emergency Paid Sick Leave Act;

H. Award the plaintiff lost wages plus interest, and an additional amount equal to the sum of the lost wages and interest as liquidated damages, pursuant to 29 U.S.C. §2617;

J. Order the defendant to reinstate the plaintiff;

K. Award the plaintiff damages for emotional distress, humiliation, inconvenience and loss of enjoyment of life;

L. Award the plaintiff enhanced compensatory damages;

M. Award the plaintiff his reasonable attorney's fees;

N. Award the plaintiff interest and costs; and

O. Grant such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED:

BRIAN C. PATTEN
By his attorneys:
DOUGLAS, LEONARD & GARVEY, P.C.

Dated: October 22, 2021      By:   /s/ Benjamin T. King
Benjamin T. King, NH Bar # 12888
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com